UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAIN ALAN PETERS, | 1: 06 CV 01864 WMW HC |
| Petitioner, | MEMORANDUM OPINION AND ORDER RE MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | [Doc. 11] |
| VICTOR M. ALMAGER, | ORDER DENYING CERTIFICATE OF APPEALABILITY |
| Respondent. / | |

Petitioner is a prisoner proceeding with a Petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. Pursuant to Title 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge. Pending before the court is Respondent's motion to dismiss.

**PROCEDURAL HISTORY**

On November 10, 2004, in Kern County Superior Court, Petitioner pleaded no contest to one count of attempted possession of a billy club in violation of Penal Code Sections 664 and 12020(a). He also admitted that he had a prior felony conviction within the meaning of section 667(e). Four

other counts were dismissed by the court pursuant to a Section 1385 motion by the State.

On December 6, 2004, Petitioner filed a motion pursuant to People v. Superior Court (Romero), 13 Cal.4th 497 (1996), asking the court to strike his "strike" prior pursuant to Section 1385. The court denied the motion on December 13, 2004. Also on December 13, 2004, the court sentenced Petitioner to 16 months in state prison.

Petitioner filed a direct appeal. On October 11, 2005, in an unpublished decision in case number F046981, the Fifth District Court of Appeal corrected the abstract of judgment to reflect Petitioner's admission to attempted possession of a billy club, and in all other respects affirmed the judgment. On October 19, 2005, the Court of Appeal amended its opinion, correcting a code section referenced therein. On December 21, 2005, the California Supreme Court denied a petition for review.

Petitioner did not file a petition for writ of habeas corpus in any state court. Petitioner filed the present petition in this court on November 19, 2006.

## LEGAL STANDARD

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, the conviction challenged arises out of the Kern County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable

to cases filed after statute's enactment).  The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted).  "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380,

1388 (9th Cir. 1997).

**DISCUSSION**

Respondent moves to dismiss this petition on the grounds that Petitioner has not exhausted his first claim and that his second claim does not state a federal claim. Petitioner has not responded to the motion to dismiss.

In ground one, Petitioner claims as follows:

> On Sept. 3, 2004 while riding my mountain bike I was stopped by deputies Maxwell and Hill. The apparent reason for stopping me was because I had no light on my bike and appeared unsteady while riding. I was also seen throwing an item (billy club) from my side. During my stop I was found with a knife and 52 milligrams of methamphetamine and believed to be under the influence. Finally, the instant crime - attempted possession of a billy club - was minor in nature.
> Petitioner was stopped on the shoulder of the road (dirt portion) late at night. There was no evidence that the purpose of the billy club was to commit a criminal act against someone or their property. This could suggest that the petitioner could have been carrying the item for his own protection. Petitioner pled no contest to one count of possession of a billy club. Petitioner then moved the court pursuant to penal code section 1385 to strike his 1994 assault with a deadly weapon conviction pursuant to penal code 667 subdivision (d).

The court agrees with Respondent that this appears to be a claim of lack of sufficiency of evidence related to the billy club offense.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner

must have specifically told the state court that he was raising a federal constitutional claim.  <u>Duncan</u>, 513 U.S. at 365-66, 115 S.Ct. at 888; <u>Keating v. Hood</u>, 133 F.3d 1240, 1241 (9th Cir.1998).

As Respondent argues, Petitioner did not present this claim to the California Supreme Court on his petition for review and Petitioner has not filed a state habeas action.  The court must dismiss a petition that contains unexhausted claims, even if it also contains exhausted claims.  <u>Rose</u>, 455 U.S. at 521-22, 102 S.Ct. at 1205; <u>Calderon v. United States Dist. Court (Gordon)</u>, 107 F.3d 756, 760 (9th Cir. 1997) (en banc) *cert. denied*, 118 S.Ct. 265 (1997); <u>Guizar v. Estelle</u>, 843 F.2d 371, 372 (9th Cir.1988).

In 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act. Pub.L. No 104-132, 110 Stat. 1214.  Under the AEDPA, exhaustion can be waived by Respondent. 28 U.S.C. § 2254(b)(C).  The court can also excuse exhaustion if "(I) there is an absence of available State corrective process; or (ii) circumstances exist that render such a process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B).  In this case, Respondent has not waived exhaustion.  In addition, California provides avenues for Petitioner to pursue state claims.   For example, these claims could have been presented in a Petition for Writ of Habeas Corpus.  <u>See</u>, Cal. Penal Code §§ 1473 - 1475.  Finally, there are not sufficient circumstances in this case for the court to ignore the United States Supreme Court's admonishment that comity demands exhaustion and find that California's corrective processes are ineffective to protect Petitioner's rights.  Accordingly, the court finds that ground one must be dismissed as an unexhausted claim.

In ground two, Petitioner claims as follows:

> In petitioner's 1994 conviction there are several factors that lead up to striking petitioner's conviction.  There factors are presented here.  The prior conviction was 10 years old and arose out of a domestic dispute with my wife.  I followed her to the market after discussing our deteriorating relationship.  With no success we left the market still quarreling and in separate vehicles.  Following her in my car still wanting to bring matters to an ease I tried to signal her to stop her . . .  car and all at once she abruptly came to a stop! Leaving me little time to react I attempted to avoid hitting her car, but was unsuccessful in doing so and I struck her car causing minor damage to the rear bumper.  She was a bit shookin [sic], but suffered no physical harm at all from this accident. [¶] Petitioner pled no contest to one count of assault with a deadly weapon.  Petitioner was placed on probation and was later revoked for an alcohol [] related incident.  Petitioner served a jail term and was successful in completing parole and had no further contact with the criminal justice system until the current charges. [¶] As these facts are viewed in light of petitioner ineligibility for probation and the increased sentence mandated by penal code 667 subdivision (e) it becomes clear that the courts refusal to strike the serious felony conviction was an abuse of discretion

and must be remanded for resentencing.

As Respondent argues, Petitioner brought his motion to strike the prior serious felony conviction pursuant to Romero. A determination of state law by a state appellate court is binding in a federal habeas action, Hicks v. Feiock, 485 U.S. 624, 629 (1988), unless the interpretation is an "obvious subterfuge to evade consideration of a federal issue." Mullaney v. Wilbur, 421 U.S. 684, 691 n. 11 (1975). See also Lewis v. Jeffers, 497 U.S. 764, 780 (1990) (federal habeas court must respect a state court's application of its own law and must not engage in *de novo* review) Clemons v. Mississippi, 494 U.S. 738, 739-40 (1990) (a federal court has no basis for disputing a state's interpretation of its own law). Accordingly, the court finds Petitioner's claim that the state trial court abused its discretion in denying his motion to strike the prior serious felon conviction does not state a claim for federal habeas corpus relief.

In conclusion, the court finds that it must dismiss ground two of this petition for failure to state a claim for federal habeas corpus relief. The remaining ground for relief, ground one, is unexhausted. Under Rose, this court cannot allow a petition to proceed containing only unexhausted claims. Therefore, the petition must be dismissed.

Petitioner may seek to appeal from the judgment of the court in this case. Petitioner cannot proceed on such an appeal absent a certificate of appealability. The controlling statute, 28 U.S.C. § 2253, provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

1 | In the present case, the court finds no denial of a constitutional right.  Accordingly, a certificate of
2 | appealability will be denied.
3 |   Based on the foregoing, IT IS HEREBY ORDERED as follows:
4 | 1) Respondent's motion to dismiss is GRANTED;
5 | 2) A certificate of appealability is DENIED;
6 | 3) This petition for writ of habeas corpus is DISMISSED;
7 | 4) The Clerk of the Court is directed to enter judgment for Respondent and to close this case.

IT IS SO ORDERED.

**Dated:   March 10, 2008**           **/s/  William M. Wunderlich**
                 UNITED STATES MAGISTRATE JUDGE